**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **GEORGINA CELESTE SALINAS** | § | **CIVIL ACTION NO. 7:23-cv-00132** |
| | § | |
| **v.** | § | |
| | § | |
| **CUITLAHUAC ENRIQUE RIOS VARGAS AND JOEL HUMBERTO GARCIA GUERRERO** | § § § | |

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW GEORGINA CELESTE SALINAS, Plaintiff, and files this Third Amended Original Complaint complaining of CUITLAHUAC ENRIQUE RIOS VARGAS ("RIOS") and JOEL HUMBERTO GARCIA GUERRERO, Defendants, and in support thereof would respectfully show this Court as follows:

**I.**
**PARTIES**

1. Plaintiff GEORGINA CELESTE SALINAS is an indivual who resides in Cameron County, Texas.

2. Defendant CUITLAHUAC ENRIQUE RIOS VARGAS is an individual who resides in Mexico and may be served with process at 6800 S. International Parkway, McAllen, Texas 78503 or wherever he may be found. Defendant has waived service of summons.

3. Defendant JOEL HUMBERTO GARCIA GUERRERO is a Mexican company, registered with the U.S. Department of Transportation Federal Motor Carrier Safety Administration and operating as a motor carrier under US DOT Number1235800Z, and doing business in Texas and may be served with process through its designated agent for service of

process, Jose Ornelas Rodriguez, 404 North H Street, McAllen, Texas 78501 or wherever he may be found. Defendant has appeared and answered herein and is represented by counsel.

## II.
## VENUE & JURISDICTION

4. This Court has diversity jurisdiction because the matter in controversy exceeds $75,000.00 and the case is between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332. The Court has jurisdiction over the Defendants because they purposely availed themselves of the privilege of using the roadways of the State of Texas. Defendants are deemed to have submitted themselves to the jurisdiction of the Texas courts and have consented to being sued in them by using Texas roadways. Exercising jurisdiction over the Defendants does not offend the traditional notions of fair play and substantial justice.

5. Venue is properly maintained in the Southern District of Texas because a substantial part of the events and omissions giving rise to the claim occurred in the District. 28 U.S.C. § 1391(b)(2). This case arises out of a motor vehicle accident that occurred on May 21, 2021, in Weslaco, Hidalgo County, Texas.

## III.
## FACTS

6. On or about May 21, 2021, Plaintiff Georgina Salinas was traveling east and parallel to Defendant Cuitlahuac Enrique Rios Vargas who was traveling in the inside turning lane on the 1600 Block of East IH 2 Frontage in Weslaco, Hidalgo County, Texas. As both drivers proceeded to make a left turn onto Airport Drive, suddenly and without warning, Defendant Cuitlahuac Enrique Rios Vargas veered into Plaintiff's lane of travel causing a serious collision.

7. At the time of the incident, Defendant Cuitlahuac Enrique Rios Vargas was in the course and scope of his employment or agency or ostensible agency with Defendant Joel Humberto

Garcia Guerrero and acting in furtherance of said business. Defendant Joel Humberto Garcia Guerrero is a motor carrier licensed by the Federal Motor Carrier Safety Administration. As a result of the accident, Plaintiff sustained serious injuries and related damages.

**IV.**
**CAUSES OF ACTION AGAINST DEFENDANTS**

8. Defendant RIOS committed acts of omission and commission, which collectively and severally constitute negligence, and were a proximate cause of the incident and Plaintiff's damages. Defendant JOEL HUMBERTO GARCIA GUERRERO'S employee, RIOS, breached the duty owed to exercise reasonable care by committing the following acts and/or omissions, including, but not limited to:

a. Failing to maintain a proper lookout;

b. Failing to maintain a safe speed;

c. Failing to timely apply the brakes;

d. Failing to operate the vehicle safely;

e. Failing to safely change lanes;

f. Failing to drive in a single lane in violation of Texas Transportation Code §545.060 (a)(1)(2);

g. Failing to control his speed in violation of Texas Transportation Code §545.351 (1) (2);

h. Failing to drive at a speed that is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code §545.351(a); and

i. Failing to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway in violation of Texas Transportation Code §545.062.

9. Plaintiff contends that each of the aforementioned acts and omissions singularly or in combination with others, constitute negligence and negligence per se, which proximately caused the incident in question and the injuries and damages to Plaintiff as described herein.

10. At the time of the incident in question and immediately prior thereto, RIOS was acting within the course and scope of his employment with Defendant JOEL HUMBERTO GARCIA GUERRERO and in furtherance of the business. Alternatively, at and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by RIOS, an employee of JOEL HUMBERTO GARCIA GUERRERO, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant. Accordingly, the negligence of RIOS is imputed to JOEL HUMBERTO GARCIA GUERRERO and JOEL HUMBERTO GARCIA GUERRERO is therefore responsible for said acts pursuant to the doctrine of *respondeat superior*.

11. Moreover, at all times material to this cause of action, Defendant RIOS was for all purposes a statutory employee of Defendant JOEL HUMBERTO GARCIA GUERRERO and is thereby vicariously liable for RIOS' negligent acts.

12. Defendant JOEL HUMBERTO GARCIA GUERRERO committed acts of omission and commission, which collectively and severally constitute negligence, and were a proximate cause of the incident and Plaintiff's damages. Defendant JOEL HUMBERTO GARCIA GUERRERO breached the duty owed to exercise reasonable care by committing the following acts and/or omissions, including, but not limited to:

a. Failing to properly train their employees;

b. Failing to develop and implement safety policies and procedures;

c. Failing to properly supervise their employees;

d. Failing to properly hire and retain their employees; and

e. Failing to comply with the FMCSRs.

13. Plaintiff contends that each of the aforementioned acts and omissions singularly or in combination with others, constitute negligence, which proximately caused the incident in question and the injuries and damages to Plaintiff as described herein.

14. Defendants JOEL HUMBERTO GARCIA GUERRERO'S and RIOS' conduct referenced above, and incorporated by reference herein, constitutes gross negligence, which was a proximate cause of the injuries and damages to Plaintiff. Each of the aforementioned acts and omissions, singularly or in combination with others, constitute acts or omissions which, when viewed objectively from the stand point of the actor at the time of its occurrence, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others and of which Defendants had actual subjective awareness of said risk but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff herein. Plaintiff is entitled to recover punitive damages pursuant to Section 41.003(a) (3) of the Texas Civil Practice and Remedies Code and article XVI, § 26 of the Texas Constitution. Accordingly, the imposition of punitive damages against Defendants is sought and appropriate herein.

## V.
## DAMAGES

15. As a direct and proximate result of the negligence of the Defendants, Plaintiff GEORGINA CELESTE SALINAS, has sustained damages for which she seeks to recover as follows:

(1) Physical pain and suffering in the past and in the future

(2) Mental anguish in the past and in the future;

(3) Medical expenses in the past and in the future;

(4) Physical impairment in the past and in the future;

(5) Disfigurement in the past and in the future; and

(6) Lost wages in the past and in the future.

16. By reason of the above, Plaintiff GEORGINA CELESTE SALINAS has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial Plaintiff have judgment against Defendants in an amount within the jurisdictional limits of the Court for:

1. Actual damages as allowed by law;
2. Exemplary damages as allowed by law;
3. Pre-judgment and post-judgment interest;
4. All costs of court herein expended; and
5. All other relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Sonia I. Lopez
Attorney-In-Charge
Texas Bar No. 24003862
Federal ID No. 23501
Ezequiel Reyna, Jr.
Texas Bar No.16794798
Federal ID No. 58290
702 W. Expressway 83, Suite 100
Weslaco, TX 78596
Telephone: 956-968-9556
Facsimile: 956-969-0492
Email: slopez@Zreynalaw.com
Email: cristina@zreynalaw.com
Email: lsmiguel@zreynalaw.com

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:

Law Offices of Ezequiel Reyna, Jr.
702 W. Expressway 83, Suite 100
Weslaco, TX 78596
Telephone: 956-968-9556
Facsimile: 956-969-0492

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of May 2023, a true and correct copy of the foregoing instrument was served in accordance with the Federal Rules of Civil Procedure to all parties of record as follows:

**VIA E-MAIL**
Mr. Tarush R. Anand
Mr. Thomas J. Anastos
McGlinchey Stafford PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
***Attorneys for Defendant Joel Humberto Garcia Guerrero***

Sónia I. Lopez